IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CASSIE D. SALTER,

       Plaintiff,

v.                                                                                                        CIV 15-1092 WJ/KBM

CAROLYN COLVIN, Acting
Commissioner of Social Security,

       Defendant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). *Doc. 16*. In accordance with 28 U.S.C. § 636(b), this matter has been referred to me for a recommended disposition. *Doc. 20.* Having considered the submissions of the parties and the relevant law, the Court recommends that the Motion be granted.

    **I.    FACTS AND PROCEDURAL BACKGROUND**

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on January 20, 2010. *Doc. 16-1* at 8. Plaintiff's applications were denied initially and upon reconsideration, and she requested a *de novo* hearing before an Administrative Law Judge ("ALJ"). *Id.* On September 14, 2012, ALJ Frederick Upshall Jr. issued a decision that was partially favorable to Plaintiff, finding that she was not disabled under the Social Security Act prior to January 1, 2011, but that she has been disabled since that date. *Id.* at 13. Plaintiff requested review of this decision, and, on September 5, 2013, the Appeals Council denied her request, rendering the ALJ's

1

decision the "final decision" of the Commissioner. *Id.* at 20; *see* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

The Appeals Council's September 5, 2013 notice informed Plaintiff of her right to appeal the ALJ's decision by filing a civil action. *Doc. 16-1* at 21. The Appeals Council's notice furthermore explained to Plaintiff that she had 60 days to file a civil action and that "[t]he 60 days start the day after you receive this letter." *Id.* The Appeals Council also notified Plaintiff that it would assume she received the letter five days after the date on it unless she affirmatively showed that she did not receive it within the five-day period. *Id.* The notice also informed Plaintiff that she could request an extension of her 60-day deadline by a written request to the Appeals Council. *Id.*

Plaintiff acknowledges that the Commission "sent a denial at the end of 2013[.]" *Doc. 17* at 3. Plaintiff, however, did not file a request for an extension of time to file a civil action, nor did she file a civil action within the 60-day deadline. *Doc. 16-1* at 3. Instead, she wrote a series of letters seeking "news concerning the approval of [her] back pay." *Doc. 17* at 8. These letters are dated September 25, 2013, February 3, 2014, and May 6, 2015. *Doc. 17* at 5-9. Plaintiff also filed a Request for Review of Hearing Decision/Order on February 20, 2015, requesting a hearing due to receiving two notices regarding the denial of her back pay. *Id.* at 4. Ultimately, Plaintiff filed her Complaint with this Court on December 1, 2015, asserting that she has "written 3 appeal letters to SSI disability asking for my back pay from start date applied. I keep getting the run around." *Doc. 1* at 2. Defendant did not answer, but instead filed the present Motion to Dismiss.

## II.     LEGAL STANDARD

Before proceeding to the merits of Defendant's Motion, the Court must first address procedural issues raised by it. Defendant's Motion is styled as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this Court lacks subject matter jurisdiction over this case. *Doc. 16* at 1. This designation is incorrect. The deadline set forth in 42 U.S.C. Section 405(g), the statutory provision relied upon by Defendant, is a statute of limitations, not a jurisdictional bar. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) ("the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations"). Accordingly, the Court is initially inclined to treat Defendant's Motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted, rather than a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Gossett v. Barnhart*, 139 F. App'x 24, 25 n.1 (10th Cir. 2005).

However, both Defendant's Motion and Plaintiff's response rely on evidence outside of the Complaint. In this circumstance the Motion is more properly construed as a Rule 56 motion for summary judgment, rather than a motion to dismiss under Rule 12. Fed. R. Civ. P. 12(d); *see Gossett*, 139 F. App'x at 25; *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). Ordinarily, the Court is required to give notice that it will convert the Motion to one for summary judgment, as "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Gossett*, 139 F. App'x at 25. However, in a case with the exact same procedural posture as this one, a magistrate judge in the Western District of Oklahoma declined to give notice, reasoning instead that

> [a]lthough no notice of conversion to a motion for summary judgment has yet been given in this case, both parties have presented evidence related to the timeliness of Plaintiff's appeal, and neither has objected. Moreover, this Report and Recommendation shall serve as notice that the motion has been considered under the standards governing motions for summary judgment. Although it appears unlikely that either party will object to the conversion given the fact that each, without objection, has offered materials outside the complaint. In any event, the parties will have an opportunity to address any concerns regarding conversion of the motion to dismiss via their right to object to this Report and Recommendation.

*Wiggins v. Colvin*, 2014 WL 3870009, at *3 (W.D. Okla. Aug. 6, 2014). As both parties in this case have submitted evidence in support of their positions, this Court will follow the same course as did the Court in *Wiggins* and address the merits of the motion.

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The court should state on the record the reasons for granting or denying the motion." *Id.* In this case, the motion concerns the timeliness of Plaintiff's request for court review of the Commissioner's denial of social security benefits. As such, the material facts are those pertaining to the statutes and regulations governing the 60-day time period.

### III.   ANALYSIS

Defendant asserts that Plaintiff was required to file her civil action seeking review of the ALJ's decision on or before November 12, 2013, to be considered timely. *Doc. 16* at 2. Thus, because she did not file her Complaint until December 1, 2015, Defendant asserts that it was filed "over two years late." *Id.* Construing Plaintiff's Response, entitled "Motion to Ignore the Defendant's Motion for Dismissal in this Case," liberally, Plaintiff argues that she "DID commence an action for judicial review within the allotted

60 days of receiving the denial" through the submission of her letters to the Commissioner. *Doc. 17* at 3.

The Social Security Act provides a 60-day window in which to obtain review of a final decision of the Commissioner:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision <u>by a civil action</u> commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. § 404.981. The time limit set forth in Section 405(g) is binding upon litigants, as "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). "Under the social security regulations, a claimant is presumed to receive the notice of the decision of the Appeals Council five days after the date of mailing of such notice, unless there is a reasonable showing to the contrary." *Gossett*, 139 F. App'x at 26 (10th Cir. 2005) (citing 20 C.F.R. § 422.210(c)).

Here, Plaintiff does not dispute that she received the Appeals Council's notice, or that the notice advised her that she had 60 days from the date of her receipt of the notice to commence a civil action. The Appeals Council's notice was dated September 5, 2013, meaning that Plaintiff had until November 12, 2013, (allowing Plaintiff an additional five days for mailing), to commence a civil action. Plaintiff, however, did not file her Complaint until December 1, 2015, more than two years after her deadline to do so. Plaintiff's Complaint is, therefore, untimely.

"Of course, the 60–day requirement set forth in section 405(g) is a statute of limitations and is subject to waiver and equitable tolling." *Taylor v. Colvin*, 2015 WL 1959706, at *2 (D. Kan. Apr. 29, 2015) (citing *Bowen*, 476 U.S. at 478–80). Defendant has clearly not waived the issue, so the only question is whether this Court should equitably toll the deadline. "Equitable tolling is used only in rare cases where the equities in favor of tolling are compelling." *Id.* "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoted authority omitted). "In the Tenth Circuit, equitable tolling is typically permitted when the defendant's conduct rises to the level of active deception, when the plaintiff has been lulled into inaction by the defendant, and when extraordinary circumstances have prevented the plaintiff from filing his or her claim within the statutory period." *Taylor*, 2015 WL 1959706 at *2 (citing *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)).

Plaintiff argues that staff members of the Social Security Administration misled her into thinking that her case was under review and that she "was not notified in a timely manner by the Social Security Administration." *Doc. 17* at 2-3. However, Plaintiff does not dispute that she received the Appeals Council's notice, that the notice set forth the proper mechanism to seek review of the ALJ's decision, or that the notice informed her of her right to request additional time to file a civil action. Thus, even assuming that Plaintiff's letters to the Commissioner show that she has been diligently pursuing her rights, she has not shown that any extraordinary circumstance prevented her from

timely commencing a civil action or requesting an extension of time to do so. To the contrary, Plaintiff's request for Appeals Council review of the ALJ's decision in her case demonstrates that she understands the notices issued by the Commissioner and has acted in accord with those notices in the past. In light of these circumstances, equitable tolling is unwarranted.

### IV.  CONCLUSION

Plaintiff failed to commence her civil action within 60 days of receiving the Appeals Council's denial of her request for review and has shown no extraordinary circumstance preventing her from so filing.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (*Doc. 16*) be granted.

*/s/ Karen B. Molzen*
_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**